# In the United States Court of Federal Claims

No. 24-819C
(Filed: July 30, 2024)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

BRIAN LEE ROLAND,
    *Plaintiff*,

v.

THE UNITED STATES,

    *Defendant*.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

    Plaintiff, Brian Lee Roland, proceeding *pro se*, brings a medical malpractice claim against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680 (2018). Mr. Roland alleges that the Moderna COVID-19 vaccine dose, which he received in July 2021, caused him to experience corneal allograft rejection and blindness in his left eye. Plaintiff avers that the vaccine was administered as part of Operation Warp Speed, a vaccination program carried out by the Department of Health and Human Services. Plaintiff thus seeks $5,000,000 in damages from the federal government.

    Defendant filed a motion to dismiss for lack of subject matter jurisdiction on July 29, 2024. We need not for wait for a response to that motion because it is clear that we lack jurisdiction. The Rules of the Court of Federal Claims requires the dismissal of an action any time the court determines that it lacks subject matter jurisdiction. RCFC 12(h)(3). The jurisdiction of the Court of Federal Claims is laid out primarily in the Tucker Act, which grants the court authority to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages not sounding in tort." 28 U.S.C. § 1491(a)(1) (2018). Thus, in order to come within the jurisdiction of the court, "plaintiff must identify a

separate source of law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Plaintiff has identified the Federal Tort Claims Act as the source of law that gives him a right to money damages. The Tucker Act is clear, however, that tort claims are excluded from the court's jurisdiction. *See* 28 U.S.C. § 1491(a)(1) (allowing only claims that are "not sounding in tort"); *see also* 28 U.S.C. § 1346(b)(1) (giving the district courts "exclusive jurisdiction" over tort claims against government employees). We therefore have no jurisdiction over claims for the tort of medical malpractice.

Although we do not have jurisdiction over FTCA claims, the Court of Federal Claims does have jurisdiction over claims for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa (2018) ("Vaccine Act"). Although not addressed explicitly in the complaint, given plaintiff's *pro se* status, we consider whether we have jurisdiction over his claim pursuant to the Vaccine Act. Pursuant to the act, individuals alleging vaccine-related injuries are required to file a petition for compensation before resorting to a products liability or medical malpractice lawsuit. § 300aa-11(a)(2). The program is limited to specific, enumerated vaccines, however, and the SARS-CoV2/COVID-19 vaccine to which plaintiff attributes his injury is not among those found in the initial Vaccine Injury Table of § 300aa-14, nor is it included in the later additions to the Vaccine Injury Table, listed in 42 C.F.R. § 100.3. Because COVID-19 vaccines are not part of the Vaccine Injury Compensation Program, the Court of Federal Claim lacks jurisdiction to entertain a petition for plaintiff's alleged vaccine injury. *See Charette v. Sec'y of the Dep't of Health & Human Servs.*, 33 Fed. Cl. 488 (Fed. Cl. 1995) (holding that vaccines not covered in the table should be dismissed); *also see Doe/44 v. Sec'y of the Dep't of Health & Human Servs.*, 2009 WL 3124758 (Fed. Cl. Sept. 25, 2009) (holding that the court lacks subject matter jurisdiction over petitions concerning vaccines not listed in the vaccine table).

Lastly, we address plaintiff's motion to seal the complaint. Plaintiff requests that the proceedings remain under seal "due to the sensitive nature of personal medical records." Mot. Seal (May 22, 2024). The government opposes the motion on the basis that the public has a presumptive right to access of judicial records. Defendant is correct. *See, e.g.*, *Pratt & Whitney Canada, Inc. v. United States*, 14 Cl. Ct. 268, 274 (Cl. Ct. 1988). The court has discretion to seal proceedings, but it will only do so if it has balanced the private and public interests involved and concluded that there is "compelling justification" for sealing the judicial record. *Miller-Holzwarth, Inc. v. United States*, 44 Fed. Cl. 153, 154 (Fed. Cl. 1999). Because plaintiff has provided nothing to suggest that his privacy concerns are greater than

the public's interest in open access to court proceedings, we defer to the presumption of open access and deny the motion to seal.

Accordingly, the following is ordered:

1. Defendant's motion to dismiss is denied as moot.

2. Plaintiff's motion to seal the complaint is denied.

3. The Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and to enter judgment accordingly. No costs.

s/Eric G. Bruggink<br>
ERIC G. BRUGGINK<br>
Senior Judge